### INHABITANTS OF CASTINE *versus* INHABITANTS OF WINTERPORT.

By R. S., c. 24, § 1, clause 4, " when part of a town is set off from it and annexed to another, the settlement of a person absent at the time of such annexation is not affected thereby."

The clause, — " all paupers whose legal settlement is upon said territory," in § 6, c. 291 of the Private Laws of 1867, means such persons only as were then actually chargeable as paupers.

ON REPORT.

ASSUMPSIT to recover the value of certain supplies furnished by the plaintiffs to a certain pauper whose settlement they alleged to be in the defendant town. The defendants contended that the pauper's settlement was in the town of Frankfort.

It appeared that, by Private Laws of 1860, c. 422, certain territory therein described was thereby " set off from the town of Frankfort and incorporated into a town by the name of Winterport." By § 3, the town of Winterport was to " support all persons now chargeable as paupers in Frankfort, whose legal settlement is within the limits of Winterport; and all persons hereafter becoming chargeable shall

belong to that town on the territory of which they shall
then have their legal settlement, whether direct or deriva-
tive."

It also appeared that the pauper had never gained a set-
tlement in his own right in this State, but had a derivative
settlement from his father which was in that part of Frank-
fort not set off by the Act of 1860, and incorporated into
Winterport.

By Private Laws of 1867, c. 291, another part of the
territory of Frankfort, (including that on which the pauper
last resided in either town,) was set off from Frankfort, and
annexed to Winterport. By § 6, of the latter chapter, it
was provided that, — "the town of Winterport shall sup-
port all paupers whose legal settlement is upon said terri-
tory." The pauper became of age prior to 1858, since which
time he has not resided in Frankfort or Winterport; but
his last dwelling place was Frankfort, and was in that part
of it set off to Winterport by the Act of 1867.

If the settlement of the pauper was not in Winterport,
the plaintiffs were to become nonsuit.

*C. J. Abbott.* for the plaintiffs, contended, —

That the Act of 1860, § 3, provided a rule by which the
respective liabilities of the towns in regard to paupers,
both present and future, where settlement was gained by
residence on the former territory of Frankfort, and contin-
ued, should be regulated. Similar provision in § 6, c. 291,
of 1867. Pauper's father's settlement was upon the terri-
tory set off to Winterport, it was by residence on that
territory, and upon this territory, in legislative language,
the pauper has his legal settlement. The fact that he was
not a pauper when the Act took effect is immaterial. *Bel-
grade* v. *Dearborn*, 21 Maine, 334. The "legal settlement"
clause has reference to pauper liabilities, and not to citizen-
ship. *Winthrop* v. *Auburn*, 31 Maine, 465; *Wilton* v.
*New Vineyard*, 43 Maine, 315; *Bloomfield* v. *Skowhegan*,
16 Maine, 58; *Calais* v. *Marshfield*, 30 Maine, 511; *Rip-*

*ley* v. *Levant*, 42 Maine, 308; *Yarmouth* v. *North Yarmouth*, 44 Maine, 352.

*N. H. Hubbard*, for the defendants.

WALTON, J. — In 1867, part of the territory of the town of Frankfort was annexed to the town of Winterport; and the sixth section of the Act of annexation provides that the town of Winterport shall support "all paupers whose legal settlement is upon said territory." What is the meaning of this language? Do the words "all paupers" mean such only as were then actually chargeable, or do they include persons who might afterwards become chargeable? In *Manchester* v. *West Gardiner*, 53 Maine, 523, similar language was held to include such only as were then actually chargeable. In that case, the words used were "all persons chargeable as paupers;" in this, "all paupers." We think the two phrases have precisely the same signification. And, in other respects, the two cases are essentially alike. In that case, the pauper was absent from the territory at the time it was annexed to the defendant town, and was not then chargeable. The same is true in this case. The Court there held that the pauper's settlement was not transferred to the defendant town, and nonsuited the plaintiffs. The result must be the same in this case.                          *Plaintiffs nonsuit.*

APPLETON, C. J., KENT, BARROWS and DANFORTH, JJ., concurred.